## Leaman v. Leaman.

*J. Andrew Frantz*, for libellant.

ATLEE, J., April 11, 1931.—Adele J. Leaman filed in this court her petition asking for the annulment of a bigamous marriage. In this proceeding Isaac D. Leaman, Jr., is the respondent. According to petitioner's allegation she was married on September 9, 1918, to the respondent, and he had a wife then living, namely, one Agnes Miller, whom the respondent had married on May 19, 1907.

The petitioner resides at Laurelton, Ocean County, New Jersey. The respondent resides at No. 716 Janet Avenue, Manheim Township, Lancaster County. The annulment is asked under the provisions of section fifteen of

the Act of May 2, 1929, P. L. 1237. This section provides: "Petitions or libels for the annulment of bigamous marriages may be exhibited to the court of common pleas of the county where the marriage was contracted, or in the county where either the libellant or respondent resides, and, in such cases, residence of the libellant within the county or State, for any period shall not be required."

Under the Act of March 13, 1815, 6 Sm. Laws, 286, section 11, the libellant was required to be a citizen of this state and to have resided herein one whole year prior to the filing of the petition or libel. This provision as to residence within the Commonwealth was repeated in the Act of May 9, 1913, P. L. 191, section 2. The Act of March 29, 1927, P. L. 71, section 1, amends the Act of April 14, 1859, P. L. 647, and provides, in case of bigamous marriage, that the jurisdiction may be exercised and the proceedings conducted in the county where the marriage was contracted or in the county where either the libellant or respondent resides. This act further provides: "In such cases, residence of the libellant within the county for any period shall not be required." The Act of 1929, above cited, specifically repeals all these acts, and in section fifteen provides that in case of bigamous marriage "residence of the libellant within the county or State for any period shall not be required" as above stated.

The evidence taken by the master shows conclusively that the marriage of the petitioner to the respondent was bigamous. The question for decision here is the right of the nonresident petitioner to the relief asked in her petition. The quoted section of the Divorce Act of 1929 gives the petitioner such right. The respondent resides in this county, and this gives the courts of this county jurisdiction. Personal service of all necessary papers was made upon the respondent.

Therefore, this court now decrees the marriage of Adele J. Leaman to Isaac D. Leaman, Jr., on September 9, 1918, to be null and void.

From George Ross Eshleman, Lancaster, Pa.